UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| BENJAMIN EUGENE PETTIT | : | |
| Debtor | : | CHAPTER 13 |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | CASE NO.  1-25-BK-02456-HWV |
| | : | |
| BENJAMIN EUGENE PETTIT | : | |
| Respondent | : | |

## TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 19th day of December 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1.     Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

a. Average gross monthly income. Trustee requests verification of the amount on Line 2.
b. Health care. Trustee requests verification of the amount on Lines 7 and 22.
c. Must adjust line 46 for expected bonus pay.

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

a. Gross and net income is underestimated. It appears not to include bonus pay.

2.     Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

3.     Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

       a.   Debtor(s) has not provided to Trustee pay stubs for the month(s) of March 2025.

4.       Trustee avers that Debtor's Plan is not feasible based upon the following:

       a.      No Proof of clam has been filed for the IRS.

    WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

       b.   Deny confirmation of Debtor(s)' Plan.
       c.   Dismiss or convert Debtor(s)' case.
       d.   Provide such other relief as is equitable and just.

                         Respectfully submitted:

                         Jack N. Zaharopoulos
                         Standing Chapter 13 Trustee
                         8125 Adams Drive, Suite A
                         Hummelstown, PA 17036
                         (717) 566-6097

              BY: /s/ Douglas R. Roeder
                       Attorney for Trustee

<u>CERTIFICATE OF SERVICE</u>

     AND NOW, this 19th day of December 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. HALEY ROHRBAUGH
CGA LAW FIRM, P.C.
135 NORTH GEORGE ST
YORK, PA  17401-

/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee