UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| BENJAMIN EUGENE PETTIT, | : | CHAPTER 13 |
| a/k/a BENJAMIN E PETTIT, | : | |
| a/k/a/ BEN PETTIT, | : | |
| Debtor | : | |
| | : | CASE NO.  1-25-BK-02456-HWV |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| BENJAMIN EUGENE PETTIT, | : | |
| a/k/a BENJAMIN E PETTIT, | : | |
| a/k/a/ BEN PETTIT, | : | |
| Respondent | : | |

TRUSTEE'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN

AND NOW, this 6th day of May 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor's Plan for the following reasons:

1.    Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically:

a.  Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following:

   i.  Average gross monthly income—Trustee calculates the amount on Line 2 to be at least $10,374.00 per month, and requests verification of the Debtor's stated amount.
   ii.  Health care—Trustee requests verification of the amounts on Lines 7 and 22.
   iii.  Debtor must adjust line 46 for expected bonus pay.

b.  Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following:

   i.  Gross and net income are underestimated, as they appear not to include bonus pay.

2. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test.

3. Trustee avers that Debtor's Plan cannot be administered due to the lack of the following:

    a. Debtor has not provided to Trustee a Federal Tax return for 2025.

4. Trustee avers that Debtor's Plan is not feasible based upon the following:

    a. No Proof of Claim has been filed for the IRS claim.
    b. Underfunded—100% Plan.

WHEREFORE, Trustee alleges and avers that Debtor's Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of Debtor's Plan.
    b. Dismiss or convert Debtor's case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 6th day of May 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

E. Haley Rohrbaugh
CGA Law Firm, P.C.
135 North George St.
York, Pa 17401
HRohrbaugh@CGALaw.Com

/s/Tanya M. Scannelli
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee